IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIAM TILLERY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. CBD-07-1092 |
| ) | |
| HARRY L. BORDEN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The Court has "no desire to make technical minefields of summary judgment proceedings, but neither can [it] countenance laxness in the proper and timely presentation of proof." Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993). This Court must be assured that the materials on which it bases its decisions are reliable and authentic, particularly when the Court's decision is dispositive. Defendants John J. Harrison, Realty Executives Main Street, USA, and Harry Borden now move for summary judgment (Docket Item Nos. 88 and 89) (jointly referred to as "Defendants' Motions"). The Court has reviewed Defendants' Motions, but Plaintiff filed no timely oppositions.[1] No hearing on Defendants' Motions is deemed necessary. Local Rule 105.6 (D. Md.). The Court finds deficiencies in Defendants' Motions and reaches neither on the merits. The Court DENIES Defendants' Motions without prejudice.[2]

---

[1] On April 6, 2010, this Court denied Plaintiff's Motion to Extend Time to Answer Defendants Motions for Summary Judgment (Docket Item No. 98).

[2] The Court has also received and reviewed Defendants' Joint Praecipe (Docket Item No. 99) and deems that no hearing is necessary. Local Rule 105.6 (D. Md.). The Court renders MOOT Defendants' Joint Praecipe by its present ruling on Defendants' Motions. Defendants request that the Court grant their motions for summary judgment, dismiss Plaintiff's claims with prejudice, and declare "that the title of the property at issue vests in Mr. Borden." Defendants' Joint Praecipe, at 2. Defendants contend that the Court should grant their requests because their pending summary judgment motions are unopposed. However, Defendants' Motions were not properly made.

1

This case arises from a series of real property transfers made among the involved parties and improvements made to the property. Plaintiff asserts eighteen assorted causes of action ranging from fraud, to injurious falsehood, to violations of Maryland and Federal statutes. The Court cannot provide an outline of undisputed facts in this case because neither party has offered properly supported and/or timely submissions.

Defendants Harrison and Borden each submit twenty exhibits in support of Defendants' Motions.[3] Only Exhibit 5 is self-authenticating, none of the other documents submitted are otherwise authenticated.[4] The exhibits include purported contracts of sale, a lease, an option, a foreclosure notice, a deed, a check, among others. See Defendant Borden's Motion, Exhibits 2 – 22 (Docket Item Nos. 89-2 – 89-22); Defendant Harrison's Motion, Exhibits 2 – 20 (Docket Item Nos. 88-1 – 88-20). There is nothing accompanying these materials articulating their authenticity. The question presented from these materials is what evidentiary standard must materials meet for their consideration in support of summary judgment. This Court finds that to the extent any materials are presented in support of summary judgment, and are the foundation upon which the Court must determine the existence of material facts in dispute, then said materials must meet the Rule 56 evidentiary standard.

**I. Discussion**

    *a. Federal Rule of Civil Procedure 56 provides the standard for summary judgment and operates under a burden shifting framework.*

The Court's analysis begins with the summary judgment standard itself, Federal Rule of Civil Procedure 56. The rule provides that "the judgment sought should be rendered if the

---

The Court need not grant Defendants' Motions merely because Plaintiffs failed to respond to Defendants' Motions. Fed. R. Civ. P. 56(e)(2).
[3] The exhibits submitted by both Defendants appear to be identical.
[4] Exhibit 5, Excerpts of Deposition Transcript of Plaintiff William Tillery, does not require additional authentication, as it is a transcript of a sworn deposition.

2

pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Essentially, "the moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

A court's summary judgment inquiry "unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986) (internal citations omitted). "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." Id. at 254. For a court to accurately determine whether there is a factual dispute for a jury, the judge must be assured that the evidence he examines at summary judgment is as authentic as that which the jury will consider. This requires an evidentiary standard for materials considered on summary judgment which "govern its deliberations and [provide] within what boundaries [the court's] ultimate decision must fall." Id. at 254-55. In summary judgment the parties submit materials which create a record; it is on that record only, that the Court rules on summary judgment. In the present case, the Court has no record on which to adjudge summary judgment. The materials submitted by Defendants cannot be included because the Court cannot assume that they are authentic.

Federal Rule of Civil Procedure 56 operates under a burden shifting framework, wherein the moving party has the burden to demonstrate that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56. In so doing, the moving party need not "support its motion with affidavits or other similar materials negating the opponent's claim." Celotex Corp., 477 U.S. at

323 (emphasis omitted).  A motion for summary judgment may be granted without supporting documentation "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."  Id.  If the moving party makes its motion properly, the burden shifts to the non-moving party, whose "response must … set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).  Unlike the moving party, the "opposing party may not rely merely on allegations or denials in its own pleadings; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial."  Id.  The opposing party must provide additional materials to successfully defend against summary judgment and those materials must include assurances to the Court that they are authentic and reliable.

      Federal Rule of Civil Procedure 56 provides the types of materials that may be submitted for the court's consideration, and they include: pleadings, depositions, answers to interrogatories, admissions, and any affidavits.  Fed. R. Civ. P. 56; Celotex Corp., 477 U.S. at 323.  Except for admissions, all of the materials Rule 56 allows in summary judgment are presented under oath.[5]  The oath, and the penalty of perjury which gives the oath its true power, gives the Court strong reason to believe that the materials supporting the motion or the opposition are authentic.

      The Rule 56 requirements for summary judgment "help assure the fair and prompt disposition of cases."  Orsi, 999 F.2d at 91.  "They also allow a district court to ascertain, through criteria designed to ensure reliability and veracity, that a party has real proof of a claim before proceeding to trial."  Id.  The rationale behind the Rule 56 requirements shines brightly in

---

[5] "Admissions" are even more dispositive of an issue than the other forms of reliable evidence.  Admissions are the nuclear weapon in the arsenal of litigation in that admissions may have a conclusive impact upon a factual dispute.

applying Rule 56.  The Court is of the opinion that, in the present context, the materials offered in Defendants' Motions should meet the Rule 56 standard of authenticity.

Moving parties are not required to submit materials supporting their motions for summary judgment.  However, these Defendants rightly submitted supporting documents because those materials appear necessary to their argument and the satisfaction of their initial burden.  In the absence of these supporting documents, the Court has no basis to grant Defendants' Motions.  However, the Court finds that it cannot consider the materials in their current form.  In failing to satisfy their initial burden, Defendants cannot demonstrate the absence of a dispute of material fact, and Defendants' Motions must fail.

> b. *In the Fourth Circuit, materials considered in summary judgment must be authentic.*
>
> > i. *Fourth Circuit jurisprudence regarding the Rule 56 evidentiary standard uses broad language, indicating application to both moving and non-moving parties.*

In the Fourth Circuit, there is ample jurisprudence regarding the quality of materials presented to a court by a party opposing a motion for summary judgment.  However, the authority is less explicit on the requisite standard of evidence for documentary materials that a moving party submits.  Although the authority is less explicit, courts in the Fourth Circuit consistently use broad language indicating application of the same standard to both the moving and non-moving parties at summary judgment.  The District of Maryland has also used broad language indicating this standard's equal application.

> > ii. *Documents considered on summary judgment must be authenticated; the Court must have evidence that documents are what they purport to be.*

"It is well established that that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." Orsi, 999 F.2d at 92.  See also DeBlois v.

Gensel, No. CCB-07-2596, 2009 WL 2713947, at *6 (D. Md. Aug. 26, 2009) (documents considered on summary judgment must be "authenticated by either an affidavit or deposition"); Meyers v. Lazer Spot, Inc., No. L-05-3407, 2008 WL 2609386, at *4 (D. Md. June 25, 2008) (party may not rely on unauthenticated documents in support of summary judgment); Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 536, 541-42 (D. Md. 2007) ("unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." (quoting Miskin v. Baxter Healthcare Corp., 107 F. Supp. 2d 669 (D. Md. 1999). Also includes significant discussion of the standard for proving authenticity); Stanley Martin Co., Inc. v. Universal Forest Prod. Shoffner, LLC, 396 F. Supp. 2d 606, 612-13 (D. Md. 2005) (materials were admitted because they were sufficiently authenticated).[6] The critical factor for authentication is demonstrating "through evidence … a finding that the document is what the proponent claims." Stanley Martin Co., Inc., 396 F. Supp. 2d at 613 (citing Fed. R. Evid. 901). The question of how a document offered by a moving party may be authenticated was specifically addressed by the court in Stanley Martin. There, the court recognized that if a document satisfied Fed. R. Evid. 901, it would be sufficiently authenticated for consideration on summary judgment. Id., at 612-13. Stanley Martin is particularly relevant to the present case because it examined evidence introduced by the party moving for summary judgment. Like in Stanley Martin, it is critical here to know that the documents relied upon are what they purport to be.

Further, the Fourth Circuit Court of Appeals generally requires those opposing motions for summary judgment to submit supporting materials that are admissible at trial. Lorraine, 241 F.R.D. at 535 ("to be entitled to consideration on summary judgment, the evidence supporting the facts set forth by the parties must be such as would be admissible in evidence"). Although

---

[6] The Court acknowledges that most of these opinions are unpublished; however, they remain instructive as cases within a larger body of law suggesting a consistent standard within the Fourth Circuit.

these cases in the Fourth Circuit specifically concern the non-moving party's materials, in each case the Court uses clear, broad language in declaring the standard for evidence submitted. For a non-moving party with the burden of proof at trial, "[m]aterial that is inadmissible will not be considered on a summary-judgment motion because it would not establish a genuine issue of material fact if offered at trial and continuing the action would be useless." Wright & Miller, Federal Practice and Procedure § 2727 (2010). Likewise, it stands to reason that for a moving party without the burden of proof at trial, evidence lacking authenticity cannot establish the absence of material dispute resulting in the fatal disposition of a case.[7]

> iii. *Affidavits can provide the requisite authentication for documents considered at summary judgment.*

Rule 56, though, "is not unfailingly rigid." United States Dep't. of Housing and Urban Affairs v. Cost Control Mktg. & Sales Mgmt. of Virginia, Inc., 64 F.3d 920, 926 n.8 (4th Cir. 1995). "Evidence appropriate for summary judgment need not be in a form that would be admissible at trial … Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex Corp., 477 U.S. at 324. See also Global Policy Partners v. Yessin, No. 1:09cv859, 2010 WL 675241, at *6 (E.D. Va. Feb. 18, 2010) ("It is clear that evidence not in a form admissible at trial may nonetheless be considered in summary judgment."); Lorraine, 241 F.R.D. at 537-38. A "nonmoving party could defeat summary judgment with materials capable of being reduced to admissible evidence at trial." Cost Control Mktg. & Sales Mgmt. of

---

[7] A similar rationale is applicable regarding the use of hearsay by those opposing summary judgment. Hearsay is not permitted in opposing a summary judgment motion, just as the use of hearsay is not permitted at trial. See e.g., Greensboro Prof'l Fire Fighters Ass'n Local 3157 v. Greensboro, 64 F.3d 962, 967 (4th Cir. 1995) ("evidence that is inadmissible at trial is not admissible for summary judgment"); United States Dept. of Housing and Urban Dev. v. Cost Control Mktg. & Sales Mgmt. of Virginia, Inc., 64 F.3d 920, 926 (4th Cir. 1995) ("hearsay, like other evidence inadmissible at trial, is ordinarily an inadequate basis for summary judgment"); Maryland Highways Contractors Ass'n. Inc., v. Maryland, 933 F.2d 1246, 1251-52 (4th Cir. 1991) (citing, among others, Rohrbough v. Wyeth Lab., Inc., 916 F.2d 970, 973-74 n.8 (4th Cir. 1990)).

Virginia, Inc., 64 F.3d at 926 n.8 (citing Celotex, 477 U.S. at 327). While admissibility is important, authenticity is indispensible. The Court must have confidence in the evidence it considers, particularly when it is contemplating a dispositive motion.

Affidavits are one such permissible form of authentication at summary judgment and are explicitly mentioned as such in Rule 56. "[T]o be admissible at the summary judgment stage, 'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).'" Orsi, 999 F.2d 86, 92 (4th Cir. 1993) (quoting Wright and Miller, Federal Practice and Procedure § 2722, at 58-60 (1983 & 1993 Supp.)). See also B & J Enter. v. Giordano, 329 Fed. Appx. 411, 415 (4th Cir. 2009); DeBlois v. Gensel, No. CCB-07-2596, 2009 WL 2713947 at *1 n. 1 (D. Md. Aug. 26, 2009); Meyers v. Lazer Spot, Inc., No. L-05-3407, 2008 WL 2609386 at *4 (D. Md. June 25, 2008); Lorraine, 241 F.R.D. at 537-38. In the context of summary judgment, affidavits must meet the requirements set forth in Rule 56, and affidavits that fail to meet these requirements are insufficient to authenticate materials. See DeBlois v. Gensel, No. CCB-07-2596, 2009 WL 2713947 at *1 n. 1 (D. Md. Aug. 26, 2009). A document can be rendered inadmissible on summary judgment if its affidavit does not meet the Rule 56 requirements. Similarly, it stands to reason that a document with no supporting affidavit also cannot be considered on summary judgment. In the present case, Defendants do not present the Court with any affidavits authenticating the documents they submit.[8]

As Stanley Martin indicated, the value supporting the Rule 56 standards for affidavits is found in Federal Rule of Evidence 901 – that the item is what it purports to be. Fed. R. Evid. 901; Stanley Martin Co., Inc., 396 F. Supp. 2d at 613 (where materials were admissible on

---

[8] This Court recognizes that affidavits are not the only way a document may be authenticated for summary judgment. Affidavits are not required for authentication, but a document may only be admitted for summary judgment without an affidavit if it is otherwise admissible. Stanley Martin Co., Inc., 396 F. Supp. 2d at 612. Here, Defendants neither submitted authenticating documents, nor were the exhibits they submitted otherwise admissible.

8

summary judgment because they met the Rule 901 standard for authenticity). In summary judgment "a party seeking to admit an exhibit need only make out a prima facie case showing that this is what he or she claims it to be." Lorraine, 241 F.R.D. at 542. Under the Federal Rules of Evidence, documents are rarely admitted on their face. More often, a foundation must be laid which at least supports a colorable argument for authenticity. The document may be admissible for other reasons, but the Court should have comfort in knowing that it is authentic. In summary judgment, a proper affidavit achieves this goal. This "requirement of authentication and identification also insures that evidence is trustworthy" in summary judgment. Id. The affidavits assure the Court that the evidence used to make its decision is authentic, and therefore the dispositive decision is reliable.

Rule 56 and Fourth Circuit jurisprudence make clear that the Court cannot merely rely on documents produced in discovery. By design, discovery unearths material that is inadmissible, such as: hearsay, opinion testimony, and theories. Rule 56 mandates a higher standard. Discovery mandates disclosing materials "reasonably calculated to lead to the discovery admissible evidence." Fed. R. Civ. P. 26(a)(1). However, summary judgment requires information sufficiently authentic to support the ruling of the Court.

> *iv. Other United States Courts of Appeals also require that all materials submitted on summary judgment are authenticated.*

Some Federal Circuits have held explicitly that materials submitted in support of a motion for summary judgment must be admissible. See e.g., Woods v. City of Chicago, 234 F.3d 979 (2d Cir. 2000) (a "court may consider any evidence that would be admissible or usable at trial, including properly authenticated and admissible documents or exhibits."); Walker v. Wayne Cnty, Iowa, 850 F.2d 433, 435 (8th Cir. 1988) ("without a showing of admissibility, a

party may not rely on hearsay evidence to support or oppose the motion" for summary judgment). Other United States Courts of Appeals have signaled that materials submitted for consideration on summary judgment by either the moving or non-moving parties must meet the Rule 56 standard. Though these cases evaluate evidence submitted by non-moving parties, they remain relevant here because these Courts use broad language which does not differentiate between moving and non-moving parties and speaks to evidence generally. See e.g., Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). The general standard is expressed well in Goguen ex rel. Estate of Goguen v. Textron, Inc., 234 F.R.D. 13 (D. Mass. 2006):

> Generally speaking, evidence must be admissible at trial in order to be considered on summary judgment. A significant exception is affidavits; under Rule Fed. R. Civ. P. 56(e), affidavits, although not themselves admissible at trial, may be offered in support of, or opposition to, summary judgment if they set forth facts that would be admissible under the Federal Rules of Evidence.

Id., at 16 (internal citations omitted). This Court finds the approach of the District of Massachusetts to be logically sound in that it treats the submissions from both parties with procedural equality.

## II.  Conclusion

Requiring materials submitted by the moving party to be authenticated does not increase its burden. This evidentiary standard is only implicated when a moving party *chooses* to submit materials in support of its motion. Here, Defendants submitted supporting materials, and the Court must be assured that the materials are what they purport to be. Defendants Borden and Harrison have not provided the Court with any such assurances. In light of the foregoing rationale, the Court denies the Motions for Summary Judgment, but does so without prejudice.

The Defendants have 15 days to re-submit their motions with proper authentication and, in turn, Plaintiffs will have 15 days to file any opposition.

_____/s/_____
Charles B. Day
United States Magistrate Judge

CBD/ec